UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In re:

JERK MACHINE, INC., a Florida for      Case No. 08-21962-JKO
profit Corporation,     Chapter 11

    Debtor.

_____/

JERK MACHINE, INC., a Florida for
profit Corporation,

                                               Adv. Pro. No. 08-1591-JKO

        Plaintiff,
vs.

BANK OF AMERICA, N.A.

        Defendant.
_____/

**FEE APPLICATION OF COUNSEL FOR PLAINTIFF JERK MACHINE, INC., IN CONNECTION WITH THE PROSECUTION AND COLLECTION EFFORTS DIRECTED TO DEFENDANT BANK OF AMERICA, N.A.**

    COMES NOW The Law Firm of DAVID MARSHALL BROWN & ASSOCIATES, P.A., and moves, pursuant to Paragraph 2 of this Court's Amended Default Judgment, Florida Statute. §57.105(7), and the provisions of page 2, Par. 1 of the December 14, 2006 Promissory Note by and between the Plaintiff and Defendant, for the entry of an Award of Reasonable Attorneys' Fees and Costs Incurred in the Prosecution of and Collection Efforts Expended in Connection with this Adversary Proceeding, and states:

    1.    Paragraph 2 of the August 28, 2009 Amended Default Judgment provides for reasonable attorneys' fees for collection of the judgment debt until paid in full;

2.    In addition, the December 14, 2006, Promissory Note by and between the Plaintiff and Defendant expressly provides in the first paragraph of page two thereof, as follows:

> ***ATTORNEYS' FEES: EXPENSES.  Lender may hire or pay someone else to help collect this Note if Borrower does not pay.  Borrower will pay Lender the amount of those costs and expenses, which includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including reasonable attorney's' fees for bankruptcy proceedings (including efforts to modify or vacate the automatic stay or injunction), and appeals.  If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.***

3.    Florida Statute §57.105(7), which, in the absence of controlling Federal Law, is applicable in Bankruptcy Proceedings, *Barnhill v. Johnson, 503 U.S. 393 (1992),* expressly provides:

> ***(7) If a contract contains a provision allowing attorneys' fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorneys' fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.  This section applies to any contract entered into on or after October 1, 1988.***

4.    The reasonableness of attorneys' fees and costs is determined through an examination of the twelve point criteria *In the Matter of First Colonial Corp. of America, 544 F.2d 1291, 1299 (5th Cir. 1977) and* In *Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 - 19 (5th Cir. 1974),* which factors are set forth and addressed as follows:

**1.  The Time and Labor Required:**

In this particular case the time and labor, while initially regular and ordinary, became in large part both unnecessary *and* necessary.  Unnecessary because, had Bank of America , NA simply played by the rules and complied with, or even recognized the authority of this Honorable Court and the legitimacy of its Orders and the Federal Rules of Civil Procedure, made applicable

to Bankruptcy Adversary Proceedings through the enactment of the Federal Rules of Bankruptcy Procedure, then we could have either conducted a trial on the merits or resolved this matter amicably, without necessity of a trial or the merits, both preferred under the law, or Plaintiff Jerk Machine, Inc. could have collected under its legitimate Default Final Judgment, without the unnecessary fees and costs incurred through what is tantamount to Herculean collection efforts necessitated by the stonewalling tactics routinely utilized by one of the world's largest banks in its flagrant disregard of the law.  Furthermore, much of the time and labor was made <u>unnecessary</u> by virtue of the increased expense in time and money in responding to the efforts of Bank of America to vacate the Clerks' Entry of Default and Default Final Judgment so many months after the entry of same, and through late submission of voluminous documents and inapplicable law which required rapid response to preserve the original hearing date and avoid further harm to the Plaintiff.

The time and labor was made <u>necessary</u> by the fact that the Plaintiff and bankruptcy Debtor desperately needs the funds which were fraudulently transferred to the Bank of America for its very continued existence.  Said services are further <u>necessary</u> because, absent the efforts of your undersigned and the legal team at David Marshall Brown & Associates, P.A. in particular the real estate experience of and judgment collection expertise of Chad T. Van Horn, Esq., Plaintiff would most likely have suffered the fate of the several judgment creditors located through a review of the Sunbiz.org website whose substantial judgments simply lapsed through passage of time during the eight month period this case has been pending because Bank of America, NA is clearly successful in its *modus operandi* of simply ignoring judgments or

engaging in battles of attrition with those whom it has wronged.

**2.  The Novelty and Difficulty of the Questions Involved:**

While there should have been nothing novel nor difficult in the collection of a judgment and the underlying issues of the subject complaint, this was made exceedingly difficult because of Bank of America's utter disregard of this Court's authority.  Said disregard, even after the U.S. Marshalls' Service served Bank of America with the Writ of Execution in July, which Writ was also ignored for many months, and after several personal visits by your undersigned and a multitude of ignored telephone calls, all to be met by utter disregard, rudeness, arrogance and dismissiveness to the attorneys for Plaintiff and Judgment Creditor Jerk Machine, Inc., your undersigned legal team was left with little alternative but to lien all of the Bank owned properties of Bank of America, N.A. before Plaintiff and Judgment Creditor Jerk Machine, Inc. was even given the time of day by the Bank of America, N.A.

**3.  The Skill Requisite to Perform Services Properly:**

The bankruptcy skills of the legal team of David Marshall Brown & Associates, P.A. are self evident.  However, given the fact that Bank of America, N.A.  has successfully employed its reprehensible dilatory tactics to crush small business owners and individuals with its evasive tactics, it required the aforementioned real estate background and collection expertise of Chad T. Van Horn, Esq., to research the existing MLS database and determine the Bank owned properties and precisely how to levy upon such properties so as to finally gain attention, if not some minor modicum of respect or at least attention of the Powers to Be at Bank of America, N.A..

**4.  The preclusion of other employment due to acceptance of this case:**

Other employment was not initially precluded by the acceptance of this case. However, in the last weeks, other employment has been disrupted and other Clients' legal issues have been unfortunately delayed, albeit with every essential safeguard, as the legal team of David Marshall Brown & Associates, P.A. has been unnecessarily thrust into the midst of excessive litigation over issues which should have been long since resolved because Bank of America, NA has finally decided that it may have possibly had reason to acknowledge the existence of Plaintiff's legitimate Amended Final Judgment, but only after forceable acknowledgment thereof.

**5. The Customary Fee:**

The customary fee for each of the professionals involved is similar to, if not lower than, that charged by similarly qualified attorneys in this District and is the same as that charged to other clients of the Law Office of David Marshall Brown & Associates, P.A., and routinely paid for services for the time otherwise spent on this matter.

**6. Whether the fee is fixed or contingent:**

In many respects this fee request, while hourly, was contingent upon the ability of your undersigned's legal team to ultimately collect from one of the World's largest and perhaps most obstreperous Bank, not an easy task indeed. Inasmuch as it was the action or inaction of the Bank of America, N.A. which caused the fees to elevate to such a number, it is only fair that the Bank of America, N.A., be charged with paying said fees and costs.

**7. Time Limitations imposed by the Client or the Circumstances:**

The time limitation did not become much of an issue until the dilatory tactics employed by Bank of America, N.A. were successful to the point of causing Plaintiff and Judgment Creditor

Jerk Machine, Inc. to commence closure of the remaining restaurants and the layoffs of its loyal employee base and the potential complete and utter destruction of its business altogether. Although we were initially relieved that Bank of America, N.A. employed legal counsel with whom an open dialogue could be engaged, we quickly realized that the stall and delay tactics arose to a new and higher level when underhanded tactics were added to what appeared to be honorable agreements among professionals.  Agreed Orders, entered into with expectations of fixed reasonable deadlines became gamesmanship as excuses were employed in an unsuccessful effort to blindside your undersigneds' legal team, resulting in the literal dropping of several other matters and full focus on this matter, as the very survival of the Clients is now placed at issue.

**8.  The Amount Involved and the Results Obtained:**

The amount involved, while perhaps a proverbial "drop in the bucket" to Bank of America, N.A. is significant and crucial to the survival of this once thriving family run business. The results obtained, if ever collected from this recalcitrant Judgment Debtor, is highly significant because it will help this hard working family and its loyal employees continue with their business goals.

**9.  The Experience, Reputation and Ability of the Attorney's:**

David Marshall Brown, Esq. served from 1989 to 1991 as judicial law clerk to the Honorable Lamar W. Davis, Jr., Chief Bankruptcy Judge for the Southern District of Georgia. Thereafter, from 1991 through 1993, Mr. Brown served as Attorney/Advisor to the Office of the United States Trustee for the Southern District of Florida wherein he was assigned to the Miami and West Palm Divisions.  Thereafter, following a brief period in private wherein the bankruptcy

boutique firm dissolved, Mr. Brown served as judicial law clerk for the Honorable Raymond B. Ray, Bankruptcy Judge for the Southern District of Florida from 1993 through 1995. Additionally, following a period of time doing primarily commercial litigation and banking law, Mr. Brown worked as in-house counsel for a Chapter 7 Trustee, and has enjoyed working in the bankruptcy arena in one capacity or another since his 1989 graduation from the University of Georgia School of Law, having started his own firm in 1998, initially as a solo practitioner and now working with a team of five attorneys and an additional support staff of ten. As such, your undersigned has extensive experience in the field of bankruptcy law and enjoys a good reputation in this District among his peers.

Chad T. Van Horn, Esq., has been actively involved with small businesses, especially restaurants for over ten years. His expertise, before entering law school, is well documented in finance, small business and real estate. Mr. Van Horn is still actively involved in working with small businesses and restaurants in avoiding litigation, expanding their businesses and ensuring proper structure. As such, Mr. Van Horn has a unique blend of business and real estate experience that he uses with his legal deductive reasoning skills, to properly advise his clients on all aspects of business, real estate and law.

Diana Degiorgio, Esq. received a Bachelor of Arts Degree with a double minor in Business Administration and Music Business and Entertainment Industries, from the University of Miami where she attended on an academic scholarship. Ms. DeGiorgio then went on to receive her Juris Doctorate at Nova Southeastern University, Shepard Broad Law Center, where she participated in many different societies, allowing her to provide pro bono services prior to graduating.

Adam Ludwin, Law Clerk, received his Bachelors of Science in Finance, with a minor in Business Law from the Pennsylvania State University. Mr. Ludwin then went on to attend Nova

Southeastern University's Shepard Broad Law Center, and will graduate with his Juris Doctorate in May of 2010.

Abdul Dalal Law Clerk, received his Bachelors of Science in Finance, with a minor in Accounting from Florida International University, where he attended on various different academic scholarships.  Mr. Dalal then went on to attend Nova Southeastern University's Shepard Broad Law Center and will graduate with his Juris Doctorate in May of 2010.

**10.  The Undesireability of the Case:**

There is absolutely nothing undesireable about this case as concerns the clients of your undersigned, hardworking people whom your undersigned and his team have ever-increasing regard for as well as their Jamaican term "RESPECT", always accompanied with a direct look in the eyes and a cordial meeting of closed fists.

Bank of America, through its various legal departments, on the other hand, is an impersonal institution with a bottom line of apparent profit over humanity such that its legal department representatives just always seem bothered by any inquiries from attorneys representing legitimate judgment creditors.

Unfortunately, and perhaps due to the fact that it appears that Bank of America may well be the largest client of its firm, legal counsel for Bank of America, at the partner level and *not* the "spear catching" associate level, has been at best difficult to work with and that, alone has been the only undesireable nature of this case.

**11.  The Nature and Length of the Professional Relationship With Client:**

This is the first case in which your undersigned legal team has been involved with this Client, although we look forward to working with the principals of the Jerk Machine, Inc., and the Jamaican community well into the future.  We have established a strong almost familial

relationship with these good people and look forward to many more years of same.

**12. Awards in Similar Cases:**

The award sought in this case is very much in line with that of similar cases such that an award of same herein is quite appropriate.

5. Attached hereto are detailed time entries, set forth in tenth of an hour increments and broken down by professional, in accordance with the standards set forth for fee applications for professionals in this District. Plaintiff asserts that a fee award of **$ 45,760.00**, at a blended hourly rate of **$ 251.57** for a total of **181.9** hours worked is reasonable and should be awarded in full.

WHEREFORE, THE Law Offices of David Marshall Brown & Associates, P.A. respectfully requests the entry of an Award of Reasonable fees in the amount of **$ 45,760.00**, and costs expended in the sum of $ **724.85,** for a total fee and cost award of **$ 46,484.85**, and for such further relief as this Honorable Court deems just and proper.

Respectfully submitted this 9th day of October, 2009.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

> DAVID MARSHALL BROWN
> & ASSOCIATES, P.A.
> Northmark Building, Suite 208
> 33 NE 2nd Street
> Fort Lauderdale, Florida 33301
> (954) 765-3166
> (954) 765-3382 (facsimile)
> davidbrown8831@bellsouth.net
>
> By:   /s/   David Marshall Brown
> David Marshall Brown, Esq.
> Florida Bar No. 0995649

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I have, in accordance with paragraph 3 of this Court's Order Granting Plaintiff Jerk Machine, Inc.'s Motion for an Order Directing Safeco Insurance Company or Bank of America to Pay on $ 162,998.35 Bond to Jerk Machine, Inc. And Granting Jerk Machine, Inc.'s Motion for Order Directing Bank of America to Pay Any Remaining Outstanding Funds to Jerk Machine, Inc. Within Thirty (30) Days, I have served a copy of the foregoing Fee Application of Counsel for Plaintiff Jerk Machine, Inc., in Connection with the Prosecution and Collection Efforts Directed to Defendant Bank of America, N.A., via E-Mail and Fax Transmission and regular U.S. Mail, Postage Prepaid, upon Liebler, Gonzalez & Portuondo, P.A., Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 ( Miguel M. Cordano, Esq., mc@lgplaw.com , J. Randolph Liebler, Esq., jrl@lgplaw.com , and Carlos Villanueva, Esq., jcv@lgplaw.com  **Facsimile: (305) 379-9626)**.

                                                  DAVID MARSHALL BROWN
                                                  & ASSOCIATES, P.A.
                                                  Northmark Building, Suite 208
                                                  33 NE 2nd Street
                                                  Fort Lauderdale, Florida 33301
                                                  (954) 765-3166
                                                  (954) 765-3382 (facsimile)
                                                  davidbrown8831@bellsouth.net

                                      By:___/s/___David Marshall Brown_____
                                                 David Marshall Brown, Esq.
                                               Florida Bar No. 0995649