IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

**In re:**

**JERK MACHINE, INC.**　　　　　　　　　　　　Case No. 08-21962-JKO

　　Debtor in Possession.
_____/

**JERK MACHINE, INC.,**

　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Adv. Pro. No. 08-1591-JKO

**BANK OF AMERICA, N.A.,**

　　Defendant.
_____/

**JERK MACHINE, INC.'S REPLY TO BANK OF AMERICA, N.A.'S MOTION OBJECTING AND IN RESPONSE TO FEE APPLICATION OF COUNSEL FOR PLAINTIFF JERK MACHINE, INC.**

COMES NOW Plaintiff, JERK MACHINE, INC., by and with its undersigned counsel, and files it Reply to Bank of America, N.A.'s [sic] Motion Objecting and in Response to Fee Application of Counsel for Plaintiff Jerk Machine, Inc., and states:

**INTRODUCTION**

1. The absurdity of Bank of America NA's argument is self evident from the contradiction between the very first and second paragraphs of the Bank of America NA's Motion Objecting and in Response to Fee Application of Counsel of Plaintiff Jerk Machine, Inc. [C.P.# 75], wherein it first states "This court should deny Jerk Machine Inc's ... Fee Application ... for failure to cite ... and failure to point to a specific statutory authority or contractual provision that would support it's

entitlement to attorney's fees [par.1], and [m]oreover, the Debtor should be judicially estopped from relying on provisions under the Promissory Note in support of it's claim for fees" [par2].  If we fail to cite any contractual authority then what is to be judicially estopped?;

2. However, that argument only goes to the fees which accrued pre-judgement because we rely, for the bulk of the fees which would have been unnecessary but for the conduct of Bank of America N.A., on the specific terms of an eight month old Final Default Judgement which Bank of America N.A. is unable to vacate because it cannot get past the first element to vacate the Entry of Default Judgment: excusable neglect.  The Judgement is final and, not withstanding its counsel's assertions to the contrary, is binding upon Bank on America N.A.;

3. In the factual recitation, Bank of America, N.A. does not address the numerous other times that in our abundance of caution to ensure that Bank of America, N.A. was given every opportunity to respond and to also ensure that our position was absolutely sound and not subject to collateral attack,  minor errors were addressed through vacation of potentially defective pleadings and proper amendments made thereto, each time constituting additional notice to Bank of America, N.A.;

### REASONABLENESS OF ATTORNEYS FEES

4. As to the pre-judgement fees, that argument has been addressed in the ten (10) page Fee Application of Counsel For Plaintiff Jerk Machine, Inc., In Connection With The Prosecution and Collection Efforts Directed To Defendant Bank Of America, N.A. [C.P.# 68], and does not need to be repeated in this Reply;

### APPLICATION AND COMPLIANCE  OF "AMERICAN RULE"

5. Bank of America, N.A.'s argument that "American Rule" somehow negates Jerk

DAVID MARSHALL BROWN & ASSOCIATES, P.A.
33 NORTHEAST 2ND STREET, SUITE 208  FORT LAUDERDALE, FLORIDA 33301

Machine Inc's entitlement to attorney's fees is equally without merit. Bank of America, N.A., while correct in it's assertion that the American Rule applies in bankruptcy courts, again fails to acknowledge the existence of exceptions expressly applicable in this instance, an express contractual provision and the existence of a binding final judgement. Moreover, the *Alyeska Pipeline* case upon which they rely has been overruled and superceded at least eleven (11) times and therefore cannot be categorized as "good law." In addition, the *Diaz* case they refer to is in favor of the Jerk Machine Inc's position;

6. In any case, the Florida Supreme Court has held that "[A]ttorney's fees incurred while prosecuting or defending a claim are not recoverable in the absence of a statute or contractual agreement authorizing their recovery." *Bidon v. Dep't of Prof'l Regulation*, 596 So. 2d 450, 452 (Fla. 1992). In addition, the Florida Supreme Court reaffirmed the general rule in *Pepper's Steel & Alloys, Inc. v. United States*, 850 So. 2d 462 (Fla. 2003), holding that "[u]nder Florida law, each party generally bears its own attorneys' fees unless a contract or statute provides otherwise." Id. at 465; *see also State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993) ("This Court has followed the 'American Rule' that attorney's fees may be awarded by a court only when authorized by statute or by agreement of the parties."); *Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1148 (Fla. 1985) (reaffirming that this Court has adopted "the 'American Rule' that attorney fees may be awarded by a court only when authorized by statute or by agreement of the parties"); *Kittel v. Kittel*, 210 So. 2d 1, 3 (Fla. 1967) ("It is an elemental principle of law in this State that attorney's fees may be awarded a prevailing party . . . (1) where authorized by contract; [and] (2) where authorized by a constitutional legislative enactment; . . . .").

7. Therefore, pursuant to controlling authority, the Plaintiffs are entitled to attorneys'

fees as provided and stipulated for in the promissory note.

8. Moreover, the 11th Circuit has held that District courts and bankruptcy judges have broad discretion in determining the amount of attorney's fees to award as compensation for services performed in connection with bankruptcy proceedings and deference is especially given to an award of attorney's fees granted by a bankruptcy judge who has observed the performance of the attorney during the course of the proceedings. *In re Red Carpet Corp.*, 902 F.2d 883, 891-92 (11th Cir.1990).

9. This Honorable Court has ordered a final judgment awarding Plaintiffs attorney's fees as authorized in the promissory note nearly six (6) months ago.

## BANK OF AMERICA FURTHER MISREPRESENTS FACTS TO THE COURT

10. Contrary to Defendant's statement in Paragraph 25 in its response to fee agreement that "Jerk Machine incurred ***all*** these expenses prior to contact with Bank of America's legal counsel, the bulk of attorneys fees ensued after undersigned's contact with Bank of America's legal counsel," $33,235.90 of the $46,484.85 in attorney's fees and costs were accrued AFTER September 1, 2009, the date Bank of America's counsel contacted undersigned [C.P.# 68].

11. Seventy-two percent (72%) of the fees were caused by Bank of America's dilatory tactics and mostly for filing a seventy-six (76) page motion two (2) business days, before the hearing causing undersigned and staff to work throughout the weekend on formulating a timely and effective response.

WHEREFORE, The Law Offices of David Marshall Brown & Associates, P.A. respectfully requests the entry of an Award of Reasonable fees in the amount of **$ 45,760.00**, and costs expended in the sum of $ **724.85,** for a total fee and cost award of **$ 46,484.85**, and for such further relief as this Honorable Court deems just and proper.

Respectfully submitted this 14th day of October, 2009.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local rule 2090-1(A).

> DAVID MARSHALL BROWN & ASSOCIATES, P.A.
> Northmark Building, Suite 208
> 33 Northeast 2nd Street
> Fort Lauderdale, Florida 33301
> (954)765-3166
> (954)765-3382 (fax)
> CVanHorn@dmb-law.com
>
> By:   /s/ Chad T. Van Horn
>       Chad T. Van Horn, Esq.
>       Florida Bar No. 64500

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of October 2009, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

> DAVID MARSHALL BROWN & ASSOCIATES, P.A.
> Northmark Building, Suite 208
> 33 Northeast 2nd Street
> Fort Lauderdale, Florida 33301
> (954)765-3166
> (954)765-3382 (fax)
> CVanHorn@dmb-law.com
>
> By:   /s/ Chad T. Van Horn
>       Chad T. Van Horn, Esq.
>       Florida Bar No. 64500