**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**BROWARD DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 08-21962-JKO |
| | Chapter 11 |
| JERK MACHINE, INC., a Florida for profit Corporation, | |
| Debtor. _____/ | |
| JERK MACHINE, INC., a Florida for profit Corporation, | Adv. Pro. No. 08-1591-JKO |
| Plaintiff, | |
| vs. | |
| BANK OF AMERICA, N.A., | |
| Defendant. _____/ | |

**DEFENDANT BANK OF AMERICA, N.A.'S MOTION FOR REHEARING OR RECONSIDERATION OF ORDER OVERRULING BANK OF AMERICA'S OBJECTION [DE 75]; APPROVING IN PART AND DISAPPROVING IN PART FEE APPLICATION OF COUNSEL FOR JERK MACHINE, INC. [DE 68]; AND DIRECTING BANK OF AMERICA TO PAY ATTORNEYS' FEES**

Defendant, BANK OF AMERICA, N.A. ("Bank of America"), through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 59(e), applicable to adversary proceedings under Federal Rules of Bankruptcy Procedure 9023, respectfully request this Court for rehearing or reconsideration of its Order Overruling Bank of America's Objection [DE 75]; Approving In Part and Disapproving In Part Fee Application of Counsel for Jerk Machine, Inc. [DE 68]; and Directing Bank of America to Pay Attorneys' Fees (the "Order"), and in support thereof, states as follows:

**INTRODUCTION**

1. This Motion for Rehearing or Reconsideration is based upon the need to correct a manifest error in fact and law. Bank of America requests that the Court reconsider its Order, and

– 1 –

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

instead, hold that Jerk Machine's failure to raise entitlement to attorneys fees prejudgment was fatal to its postjudgment fee application, and that Bank of America was not on *prejudgment* notice of Jerk Machine's claimed entitlement as required by the Florida Supreme Court in *Stockman v. Downs, et al.*, 573 So.2d 835 (Fla. 1991), and accordingly, grant Bank of America's Objection to Jerk Machine's Fee Application.

## STATEMENT OF FACTS

2. On October 10, 2008, Plaintiff, Jerk Machine, Inc., ("Jerk Machine" or "Plaintiff") filed its First Amended Complaint seeking to recover as fraudulent transfers loan proceeds paid to Bank of America to satisfy a preexisting mortgage ("First Amended Complaint") (Doc. No. 6).

3. On August 28, 2009, this Court entered an Order in favor of Plaintiff, granting Plaintiff's Motion for Entry of Amended Default Final Judgment in the amount of $160,092.98, plus reasonable attorneys' fees and cost ("Default Judgment") (Doc. No. 43).

4. On October 7, 2009, this Court denied Bank of America's Motion to Vacate the Default Judgment (Doc. No. 62).

5. At no time prior to this Court's entry of the Default Judgment, did Plaintiff claim entitlement to attorneys' fees. In particular, neither Plaintiff's Complaint nor its First Amended Complaint alleged an entitlement to fees. Instead, Plaintiff's claim to entitlement was raised for the first time postjudgment, i.e., in paragraph two of the Default Judgment.

6. Notwithstanding, this Court denied Bank of America's Objection to Plaintiff's Fee Application on various grounds, the most notable of which and the subject of the instant motion, was Bank of America's purported *notice* of Jerk Machine's claim of entitlement to attorneys' fees, and Bank of America's subsequent failure to object to Jerk Machine's failure to plead entitlement in the

Objection, which this Court noted "does not mention Jerk Machine's failure to plead attorneys' fees." [DE 86, at page 2].

       7.      In support of its denial of Bank of America's Objection to Jerk Machine's Fee Application, this Court relied on the case of *Capital Factors, Inc. v. Gen. Plastics Corp.* (*In re Plastics Corp.*), 170 B.R. 725, 734 (Bankr. S.D. Fla. 1994) quoting language from the Florida Supreme Court case of *Stockman v. Downs*, 573 So.2d 835, 837 (Fla. 1991)), for the proposition that Bank of America waived its right to object to Jerk Machine's failure to plead entitlement to fees. The Order provides, in relevant part,

> Where a party has notice that an opponent claims entitlement to attorneys' fees, and by its conduct recognizes or acquiesces to this claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorneys' fees.

Order [DE 86], citing *Capital Factors*, supra, quoting *Stockman*, supra.

      8.      However, as the Florida Supreme Court in *Stockman* states, the "notice" of the prevailing party's claim to entitlement must be *prejudgment* notice. Accordingly, because Jerk Machine failed to plead entitlement in the First Amended Complaint, and because Bank of America was not on prejudgment notice of Jerk Machine's claim of entitlement to attorneys' fees, the "notice" exception annunciated in *Stockman* does not apply here. Therefore, Jerk Machine is deemed to have waived its claims for attorneys fees, and accordingly, its Fee Application should be denied.

## ARGUMENT

A.     Standard of Review

      9.      Under Federal Rule of Civil Procedure 59(e), "courts have generally granted relief to (1) account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice." *In re Full Gospel Assembly of Delray Beach*, 371 B.R. 559, 562 (Bankr. S.D. Fla. 2007) (internal citations omitted). "A trial courts

determination as to whether grounds exist for the granting of a Rule 59(e) motion is held to an 'abuse of discretion' standard." *Id.* (internal citations omitted).  "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making a determination, or . . . makes findings of fact that are clearly erroneous." *Id.* (internal citations omitted).

10.  Here, Bank of America moves to correct a manifest error in fact and law.

B.  Legal Analysis

11.  Entitlement to attorneys fees, whether based on contract or statute, must be plead, and failure to do so constitutes waiver of entitlement. *Stockman*, *supra* at 837-38.  However, the Court in *Stockman* recognized an exception to this rule.  Specifically, the Court held "where a party has notice that an opponent claims entitlement to attorneys' fees, ***and*** recognizes or acquiesces to that claim or otherwise fails to object, that party waives any objection to the failure to plead a claim for attorney's fees." *Stockman*, supra, at 838 (emphasis added).

12.  In *Stockman*, the day after the final judgment was denied, the prevailing party filed a motion for attorneys' fees pursuant to a contract.  The trial court denied the motion on grounds that the prevailing party had "not sought attorneys fees in their pleadings and there had been no '*recognition or acquiescence* during the <u>pre-trial stage</u> of the case. . . ." *Stockman*, *supra* at 836 (Italics supplied, underscore added).  The Fourth District Court of Appeals, on petition for rehearing, reversed, and certified the following question to the Florida Supreme Court:  whether a prevailing party may recover attorneys fees pursuant to a post judgment motion that mentions for the first time the prevailing party's entitlement to fees.  The Florida Supreme Court, answered in the negative.  The Court held that the *notice exception* did not apply to the facts of the case since the prevailing party's "claim for attorneys' fees was not before the court *prior to final judgment. . .* [and] there was no action or inaction on the [losing party's] part that can be deemed to be a recognition of the fact that the [prevailing party]

– 4 –

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

intended to claim attorneys' fees or waiver of objection to their failure to plead such claim." *Stockman*, *supra* 838 (Emphasis added).

13. The *Stockman* Court based its decision on the need for appropriate notice:

> The fundamental concern is one of notice. Modern pleadings serve to notify the opposing party of the claims alleged and prevent unfair surprise. Raising entitlement to attorneys' fees only *after judgment* fails to serve either of those objectives.

*Stockman*, at 836 (Emphasis added).

14. As the *Stockman* Court noted in the cases cited therein, the notice exception is limited to those circumstances where an objecting party is put on notice of party's entitlement to fees *prior* to judgment. Specifically, the *Stockman* Court cites as examples of this prejudgment notice requirement two Florida District Court of Appeals cases. The first is *Brown v. Gardens by the Sea S. Condo. Ass'n*, 424 So.2d 181 (Fla. 4th DCA 1983), which the *Stockman* court interpreted to stand for the proposition that "defendants' failure to raise entitlement to attorneys' fees until after judgment not fatal where issue of attorneys's fees raised at *pretrial conference* and plaintiff's *pretrial statement* listed defendant's entitlement to fees as an issue") (emphasis added). *Id.* The other is *Mainlands of Tamarac by Gulf Unit No. Four Ass'n, Inc. v. Morris,* 388 So.2d 226 (Fla. 2d DCA 1980), which the *Stockman* Court interpreted as standing for the proposition that "parties stipulation *during trial* that the question of attorney's fees would be heard subsequent to final hearing would permit recovery of attorneys' fees despite failure to plead entitlement to fees") (emphasis added).

15. Moreover, Jerk Machine's postjudgment *motion,* i.e., Fee Application was not the type of notice contemplated in *Stockman* requiring prejudgment notice. In addition, in *Sardon Foundation v. New Horizons Service Dogs, Inc.*, 852 So.2d 416 (Fla. 5th DCA 2003), the court held that "a motion is *not* a pleading." *Sardon*, at 421 (citations omitted) (emphasis provided). In *Sardon*, the mortgagor filed an answer to a foreclosure complaint, but did not include a claim for attorneys'

– 5 –

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

fees. The trial court denied the foreclosure claim and granted mortgagor's postjudgment motion for attorneys' fees. On appeal, the Fifth District Court of Appeals reversed, holding that a motion is not a pleading, and since mortgagor never filed a pleading containing a claim for entitlement, the claim was waived. *Sardon*, at 421.

16. The *Sardon* Court reiterated the importance of prejudgment notice enunciated in *Stockman*:

> The purpose of the pleading requirement is notice--by pleading a claim to attorney's fees, a party notifies the opposing party of the claim and prevents unfair surprise. The existence or nonexistence of a claim for attorneys' fees may often affect the decision whether to pursue, dismiss or settle a claim. For these reasons, a party may not recover attorney's fees unless he has put the issue into play by filing a pleading seeking fees. If not plead, the claims for attorney's fees is waived."

*Sardon*, at 421 (citing, *Stockman*, *supra*)

17. Here, as in *Stockman* and *Sardon* the prevailing party, Jerk Machine, failed to plead its entitlement to attorneys' fees in its First Amended Complaint. Also, as in *Stockman* and *Sardon*, Bank of America was not on prejudgment notice of Jerk Machine's claims to entitlement to attorneys' fees. Rather, the only notice Bank of America had of Jerk Machine's claim to entitlement was postjudgment, i.e., in the Default Judgment.

18. Accordingly, Bank of America request the Court reconsider its Order, and hold, instead, that Jerk Machine's failure to raise entitlement to attorneys fees prejudgment was fatal to its postjudgment fee application, and that Bank of America was not on *prejudgment* notice of Jerk Machine's claimed entitlement as required by the Florida Supreme Court in *Stockman,* and therefore, grant Bank of America's Objection to Jerk Machine's Fee Application.

WHEREFORE, Bank of America respectfully request this Court for rehearing or reconsideration of its Order Overruling Bank of America's Objection [DE 75]; Approving In Part and

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO. 08-21962-JKO

Disapproving In Part Fee Application of Counsel for Jerk Machine, Inc. [DE 68]; and Directing Bank of America to Pay Attorneys' Fees (the "Order"), and such further relief as this Court deems appropriate.

Respectfully submitted,

 s/  Miguel M. Cordano
MIGUEL M. CORDANO
Florida Bar No. 0523682
E-mail: mc@lgplaw.com
J. RANDOLPH LIEBLER
Florida Bar No. 507954
E-mail:  jrl@lgplaw.com
Attorneys for Bank of America, N.A.
**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone:  (305) 379-0400
Fax:  (305) 379-9626

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th  day of January, 2010, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

 s/  Miguel M. Cordano
MIGUEL M. CORDANO

Z:\649-10043\M-Reconsideration and Rehearing.wpd

– 7 –

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400