UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

**In re:**

                                      Case No. 08-21962-BKC-JKO

**Jerk Machine, Inc.,**

                                      Chapter 11

      **Debtor.**
_____/

**Jerk Machine, Inc.,**

      **Plaintiff,**

-v-                                        Adversary No. 08-1591-JKO

**Bank of America, N.A.,**

      **Defendant.**
_____/

**MOTION FOR RECONSIDERATION OF ORDER: OVERRULING BANK OF AMERICA'S OBJECTION [DE 75]; APPROVING IN PART AND DISAPPROVING IN PART FEE APPLICATION OF COUNSEL FOR JERK MACHINE, INC. [DE 68]; AND DIRECTING BANK OF AMERICA TO PAY ATTORNEYS' FEES**

      COMES NOW counsel for the Plaintiff, BROWN, VAN HORN & ASSOCIATES, P.A., appearing on their own behalf and on behalf of the Plaintiff, and moves for Reconsideration of this Court's January 4, 2010, Order: Overruling Bank of America's Objection; Approving in Part and Disapproving in Part Fee Application of Counsel for Jerk Machine, Inc.; and Directing Bank of America to Pay Fees [D.E. 86] (herein referred to as"The Order"), for Vacation of Same and, to the extent possible, Removal from Publication, alternatively, for review of the audio recording of the October 6, 2009 hearing from which the Order arises by an impartial Judicial Officer, for the entry of an Amended and Corrected Order awarding the full fee application of Counsel for the Plaintiff and instructing Defendant to pay all outstanding monies owed to Plaintiff within twenty (20) days

BROWN, VAN HORN & ASSOCIATES, P.A.
33 NORTHEAST 2ND STREET, SUITE 208  FORT LAUDERDALE, FLORIDA 33301

of the Order, and in support thereof states as follows:

1. On October 6, 2009 a hearing was held, *inter alia*, on Bank of America's Motion to Vacate Default Judgment [DE 58];

2. During the proceeding, the Court found that Bank of America could not establish excusable neglect nor a defect in service of process and all relief sought by Plaintiff was granted;

3. Thereafter, on October 9, 2009, in connection with necessary collection efforts, your undersigned filed a fee application requesting $ 47,760.58 and $724.85 in costs;

4. Subsequently, on October 15, 2009 a hearing was conducted to determine the reasonableness and basis for the award of Plaintiff's attorneys fees;

5. It is not in dispute that the "Bankruptcy Courts have broad discretion in determining the amount of attorneys' fees to award as compensation for services performed in connection with bankruptcy proceedings." See the Order [DE 86] at 7;

6. However, to maintain the integrity of the judges' discretion, the courts are bound to the record in front of them on which to base their decisions. In the instant matter, the Court went outside the record and in the course of so doing committed an egregious error in its factual findings upon which it based a sanction in the form of a severe reduction in legitimately earned attorneys' fees, and which resulted in the unfortunate publishing of an opinion, the collateral effect of the publication of which impugns the reputation of this Law Firm, and which has left your undersigned with no alternative but to defend his personal reputation and the reputation of his Law Firm by moving for reconsideration, and for whatever further relief as may be necessary to correct the error;

7. The Court determined that undersigned's firm should be sanctioned $15,558.60 primarily because a firm attorney allegedly "coughed the word "Bull$%^" into counsel table

microphone... (which) the court reporter understandably omitted the poorly enunciated but nevertheless ***very audible*** remark from the official transcript" ***emphasis added*** and counsel for the Plaintiff submitted a pleading [DE 85] that "did not include even basic formatting.";

8. Simple inadvertence is the only possible explanation of how D.E. #85 came to be filed as the notes were quite obviously not provided to be a pleading of any sort but were somehow mistakenly included with the courtesy copies of case law relied upon that were provided to the Court as an accommodation at the October 6th hearing;

9. With respect to the alleged "very audible" inappropriate remarks by counsel, a thorough review of the transcript, as acknowledged by the Court, reveals no such action ever taking place. See Tr. 10/06/09 Hr'g [DE 64];

10. As the Court is well aware, the state of the art speaker/microphone system in the courtroom audibly projects any statement for everyone in the court to hear as if they were sitting right next to the person speaking;

11. As confirmed by David Marshall Brown, Esq. promptly upon receipt of the Order, Ouellette & Mauldin Court Reporters, Inc. maintains an audio recording of the proceedings for their internal purposes;

12. At the request of David Marshall Brown, Esq., the court reporters at Ouellette & Mauldin Court Reporters, Inc. listened to the audio recording of the October 6th hearing and advise that no such expletive or anything resembling such could be heard. Attached hereto as Exhibit "A" is the Affidavit of Ouellette and Mauldin Court Reporters, Inc., executed by Janice C. Ouellette and Martha J. Valazquez, confirming that fact;

13. Also attached hereto as Composite Exhibit "B" are the affidavits of your

undersigned, David Marshall Brown, Esq., and that of Jennifer J. Vest, both of whom were present at the October 6th hearing and were attentive at same but did not hear anything that resembled the alleged inappropriate remark or gesture;

14.     This error has already caused undersigned's firm and the reputation of David Marshall Brown, Esq. to be negatively impacted due to the Order being released to, and published by Westlaw and Lexis Nexis for any interested party to access, under the name of David Marshall Brown, Esq., as counsel for the Plaintiff, notwithstanding that your undersigned neither signed the applicable pleadings nor argued the matter and was not even present at the second hearing due to his hospitalization at the time;

15.     Indeed, the hearing notes that were somehow docketed by court personnel into the record with the handwritten notation "Jerk Machine brief handed in @ Oct. 15 hrg. By Chad Van Horn" and containing mere handwritten references to a case name and a case number were never intended to be a "brief" at all, as should be patently obvious by the lack of a heading or a signature line, which would have been added through a few mere key strokes, but rather were notes prepared by your undersigned on a laptop from his hospital room to assist his partner in hearing preparation in his absence and contain an analysis of the case law relied upon by counsel for the Defendant. Other than the fact that they do not contain a heading or a signature line for obvious reasons, and they do contain an emphatic remark to my colleague that we were in compliance with applicable statutes, there is nothing "unprofessional" whatsoever about those notes, as they are nothing but a concise and accurate analysis of case law.  To punish us in the form of a judicial admonishment and an extreme reduction in our legitimately earned fees is inherently unfair under these circumstances and should be promptly reversed;

16. In light of the fact that the record does not reflect, and the state of the art audio system did not record the alleged inappropriate comment or gesture, it is abundantly clear an error has occurred and it is appropriate for an amended order to be entered, and those parts of the order that reference these actions be stricken from the record and the opinion be retracted to the extent possible from any public forums such as Westlaw and Lexis Nexis;

17. As you undersigned did nothing wrong, and no one from this firm did anything wrong to justify the imposition of sanctions in the form of a severe reduction of legitimately earned attorneys' fees, your undersigned also requests a recalculation of attorney's fees, taking into consideration the aforementioned information;

18. Furthermore, due to the lack of prompt compliance with this Court's Orders by Bank of America in the past, Plaintiff would request that payment be made within twenty (20) days of the date of this order;

19. In the event the Court does not deem the official court reporters' review and the affidavits of witnesses sufficient, your undersigned would also request that an impartial judicial officer review the audio tapes to determine whether he or she can discern anything resembling a coughed expletive into the microphone.

Wherefore, the Defendant, JERK MACHINE, INC., respectfully requests Reconsideration of this Court's January 4, 2010, Order: Overruling Bank of America's Objection; Approving in Part and Disapproving in Part Fee Application of Counsel for Jerk Machine, Inc.; and Directing Bank of America to Pay Fees [D.E. 86] (herein referred to as "The Order"), for Vacation of Same and Removal from Publication, alternatively, for review of the audio recording of the October 6, 2009 hearing from which the Order arises by an independent Judicial Officer, for the entry of an Amended

BROWN, VAN HORN & ASSOCIATES, P.A.
33 NORTHEAST 2ND STREET, SUITE 208  FORT LAUDERDALE, FLORIDA 33301

and Corrected Order awarding the full fee application of Counsel for the Plaintiff and instructing Defendant to pay all outstanding monies owed to Plaintiff within twenty (20) days of the Order, and the entry of an Order Amending this Court's Order [D.E. 86], awarding the full fee application and instructing Defendant to pay all outstanding monies owed to Plaintiff within twenty (20) days of the Order, and for whatever further relief this Honorable Court deems just and proper.

Respectfully submitted this 18th day of January, 2009.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local rule 2090-1(A).

>BROWN, VAN HORN
>& ASSOCIATES, P.A.
>Northmark Building, Suite 208
>33 Northeast 2nd Street
>Fort Lauderdale, Florida 33301
>(954)765-3166
>(954)765-3382 (fax)
>David@BrownVanHorn.com
>
>By:   /s/ David Marshall Brown
>      David Marshall Brown, Esq.
>      Florida Bar No. 0995649

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of January 2010, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that to the best of my knowledge the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

>BROWN, VAN HORN
>& ASSOCIATES, P.A.
>
>By:   /s/ David Marshall Brown
>      David Marshall Brown, Esq.
>      Florida Bar No. 0995649