UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In re:

JERK MACHINE, INC., a Florida for profit Corporation,

       Debtor.

Case No. 08-21962-JKO
Chapter 11

_____/

JERK MACHINE, INC., a Florida for profit Corporation,

       Plaintiff,

vs.

BANK OF AMERICA, N.A.

       Defendant.

Adv. Pro. No. 08-1591-JKO

_____/

**AFFIDAVIT OF DAVID MARSHALL BROWN, ESQ. IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER: OVERRULING BANK OF AMERICA'S OBJECTION; APPROVING IN PART AND DISAPPROVING IN PART FEE APPLICATION OF COUNSEL FOR JERK MACHINE, INC.; AMD DIRECTING BANK OF AMERICA TO PAY ATTORNEYS' FEES**

STATE OF FLORIDA      )
                              ) ss
COUNTY OF BROWARD )

    David Marshall Brown, Esq., being duly sworn, says:

    1. I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the U.S. Bankruptcy Court for the Southern District of Florida;

Composite Exhibit "B"

2. I am the senior partner of the law firm of BROWN, VAN HORN & ASSOCIATES, P.A., with offices located at 33 NE 2nd Street, Suite 208, Fort Lauderdale, Florida 33301;

3. Pursuant to Order of this Court approving Debtor's Motion to Employ myself and my Law Firm as Attorney for the Debtor in Possession, I am employed by the Chapter 11 Debtor herein pursuant to 11 U.S.C. § 327(a);

4. In connection with my employment, I attended the hearing conducted on October 6, 2009, at 10:30 a.m., and sat next to my then associate and now law partner Chad T. Van Horn, Esq., at counsel table while he argued in opposition to the Bank of America's Motion to Vacate Default Judgment;

5. At no time during the proceedings conducted on October 6, 2009, at 10:30 a.m., or at any point thereafter or before did I hear anyone "cough" an expletive into the microphone or otherwise. To the contrary, everyone from our firm was nothing but respectful to opposing counsel and the Court throughout said proceedings and in my view exhibited nothing but the highest level of decorum due a Federal Court proceeding;

6. To my astonishment, not only was there reference in this Court's January 4, 2010, Order: Overruling Bank of America's Objection; Approving in Part and Disapproving in Part Fee Application of Counsel for Jerk Machine, Inc., and Directing Bank of America to Pay Attorneys' Fees [D.E. #86], to such an expletive being "coughed" into the microphone, notwithstanding that there is no evidence of same before the Court in the transcript, but our legitimately earned attorneys' fees were cut by 33%, ostensibly as punishment for alleged "unprofessional conduct" that just did not occur;

7. Immediately upon receipt of the January 4, 2010, Order: Overruling Bank of America's Objection; Approving in Part and Disapproving in Part Fee Application of Counsel for Jerk Machine,

Inc., and Directing Bank of America to Pay Attorneys' Fees, I contacted Ouellette & Mauldin Court Reporters, Inc., to determine whether they maintained an audio recording of the subject proceedings and was advised that they do. I requested that they review same to determine whether any such expletive existed or anything that could possibly be misconstrued as such, and they agreed to do so and have now advised that, upon review, they were unable to hear anything resembling the coughing of an expletive during the subject hearing;

8. The other alleged transgression of which we have been accused concerns a certain document that somehow was docketed and called a "brief", containing handwritten notations placed thereon by someone other than an employee or agent of this firm [D.E. #85];

9. We were admonished by the Court and a secondary basis cited by the Court for cutting our legitimately earned fees was that the alleged "brief" [D.E. #85] "did not include even basic formatting";

10. On October 15, 2009, I was at the end of an unexpected five day hospital stay and what somehow found its way to the record when it was apparently inadvertently handed to the Court with courtesy copies of the case law we cited, consisted of informal notes from an e-mail I sent to my partner to assist him as best I could under the circumstances in hearing preparation. I never intended the private notes of my case analysis to my partner to ever have been docketed as a pleading in this case and certainly should not be admonished or punished in the form of a 33% fee reduction because a third party did so without anyone from this Firm's knowledge, permission or authority;

11. Nonetheless, upon review of same three months later, nothing in the text of the document somehow docketed as docket entry # 85 appears in any way unprofessional and, with the possible exception of the emphatic mention to my partner that we were in compliance with applicable

statutes, it consists of a concise analysis of case law cited by opposing counsel for which I would proudly place my name and my firm's name under the proper format, had it ever been intended to be filed as a "brief" in the first instance;

12. Further troubling to me personally is that the opinion has now been published under my name, notwithstanding that I did not sign the relevant pleadings, argue the case before the Court, or even appear at the second hearing due to my hospitalization, thus personally defaming me in the legal community worldwide for alleged transgressions I simply did not commit and for which I have no recourse but to challenge the erroneous ruling.

FURTHER AFFIANT SAYETH NAUGHT.

By: _____
~~David~~ Marshall Brown, Esq.

Sworn to and Subscribed before me this ____ day of January, 2010.

_____
Notary Public, State of Florida

My Commission Expires: 7/24/10


TERESA JURIED
MY COMMISSION # DD 898789
EXPIRES: July 24, 2013
Bonded Thru Notary Public Underwriters

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In re:

JERK MACHINE, INC., a Florida for profit Corporation,

    Debtor.
_____/

JERK MACHINE, INC., a Florida for profit Corporation,

    Plaintiff,

vs.

BANK OF AMERICA, N.A.

    Defendant.
_____/

Case No. 08-21962-JKO
Chapter 11

Adv. Pro. No. 08-1591-JKO

### AFFIDAVIT OF JENNIFER J. VEST REGARDING HEARING CONDUCTED ON OCTOBER 6, 2009 AT 10:30 A.M.

STATE OF FLORIDA    )
                                ) ss
COUNTY OF BROWARD    )

    Jennifer J. Vest, being duly sworn, says:

    1. I am an adult over the age of eighteen years and am duly competent to testify to the facts herein;

    2. I am employed by the law firm of BROWN, VAN HORN & ASSOCIATES, P.A., with offices located at 33 NE 2nd Street, Suite 208, Fort Lauderdale, Florida 33301, as an information technology consultant;

3. I attended the hearing conducted on October 6, 2009, at 10:30 a.m. and, although I was sitting in the back of the Courtroom, I was quite attentive throughout since it was my first experience in Federal Court;

4. At no time during the proceedings conducted on October 6, 2009, at 10:30 a.m., did I hear anyone "cough" or otherwise utter anything remotely resembling an expletive;

FURTHER AFFIANT SAYETH NAUGHT.

By: _____
Jennifer J. Vest

Sworn to and Subscribed before me this _____ day of January, 2010

_____
Notary Public, State of Florida

My Commission Expires: 7/24/10



TERESA JURIED
MY COMMISSION # DD 898789
EXPIRES: July 24, 2013
Bonded Thru Notary Public Underwriters