

Tagged Opinion

**ORDERED in the Southern District of Florida on March 18, 2010.**

John K. Olson, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re**:

                                          Case No. 08-21962-BKC-JKO

**Jerk Machine, Inc.,**

                                          Chapter 11

      Debtor.

_____/

**Jerk Machine, Inc.,**

      Plaintiff,

**-v-**                                       Adversary No. 08-1591-JKO

**Bank of America, N.A.,**

      Defendant.

_____/

### ORDER DENYING MOTIONS FOR RECONSIDERATION [DE 90, 93]

On January 4, 2010, I entered an Order [DE 86] which overruled Defendant Bank of America's objection [DE 75] and approved in-part Plaintiff Jerk Machine's application for

attorney's fees [DE 68].  Bank of America filed a reconsideration motion on January 14, 2010 [DE 90] and Jerk Machine filed a reconsideration motion on January 18, 2010 [DE 93].  On February 5, 2010, Jerk Machine filed a response in opposition [DE 96] to Bank of America's reconsideration motion.

### *Jerk Machine's Reconsideration Motion*

When awarding attorney's fees to Plaintiff Jerk Machine in my January 4, 2010 Order, I reduced the hourly rate to $166.04 because I found that to be appropriate given the quality of written submissions and the conduct of counsel in the courtroom.  Jerk Machine argues that I should not have reduced its attorney's fee award because:

(1)     I should not have treated Docket Entry 85 as a pleading; and

(2)     I did not accurately observe the behavior of Chad T. Van Horn, Esq., at the October 6, 2009 hearing on Bank of America's Motion to Vacate Default Judgment.

On the first point, Jerk Machine argues that "[s]imple inadvertence is the only explanation of how D.E. #85 came to be filed as the notes were quite obviously not provided to be a pleading of any sort but were somehow mistakenly included with the courtesy copies of case law relied upon that were provided to the Court as an accommodation at the October 6th hearing." [DE 93], at ¶ 8. The packet in question was handed to my Law Clerk at the hearing conducted October 15, 2009, not the October 6th hearing, and Mr. Van Horn referred to the submission as a memorandum:

```
21 MR. VAN HORN: Your Honor, as far as the --
22 as far as the fees that were -- that were or the
23 hours that were logged during that weekend, I
24 actually logged most of those hours. I worked
25 throughout the weekend, because it was a 76-page
```

Page 10
1 motion to vacate the default -- 76 pages inclusive of
2 exhibits. I had to go through all the case law.
3 This was, you know, Jerk Machine's last leg to stand
4 on. You have seen the case from the start.
5 **We do have bench memorandum of law that we**
6 **distinguish the case from every case that Mr. Liebler**
7 **cited or Mr. Cordano cited in their motion. I have a**
8 **copy for the Court if I may approach.**
9 **THE COURT: Okay. Sure. Have you given a**
10 **copy to Mr. Liebler? Thanks.**
11 Okay. Anything else, Mr. Van Horn?
12 MR. VAN HORN: That's it, Your Honor.
13 THE COURT: Okay. Thank you very much.
14 **I'm going to take the matter under advisement. I**
15 **want to review your brief, Mr. Van Horn, and**
16 **contemplate particularly the judicial estoppel issue**,
17 which I haven't thought through clearly. So I will
18 try to get back to you-all as quickly as possible.

Oct. 15, 2009 Hr'g Tr., at 9-10.  Inadvertently submitted or not, the memorandum was an integral

part of my decision-making process which awarded $30,926.83 in fees and costs to the submitter.

To have treated the memorandum at Docket Entry 85 as anything other than a pleading would have

been a violation of Fed. R. Bank. P. 9003.

On the second point, Jerk Machine argues that "the state of the art speaker/microphone

system in the courtroom audibly projects any statement for everyone in the court to hear as if they

were sitting right next to the person speaking," and the absence of Mr. Van Horn's coughed *Animal*

*House* style expletive from the audio recording must mean that I imagined it. [DE 93], at ¶¶ 9-13.

Every microphone in the courtroom has a "PUSH" button which mutes that microphone.  Signs have

been placed next to each microphone to remind counsel to unmute their microphones and I have, on

more than one occasion, needed to interrupt on behalf of court reporters so that comments from

counsel table could be heard. I therefore reject the argument that the absence of Mr. Van Horn's cough from the audio recording means that I imagined it.

Next, counsel for Jerk Machine argues that the January 4th Order is an unjust stain upon the David Marshall Brown firm's reputation, and views the fee award as an "imposition of sanctions in the form of a severe reduction of legitimately earned attorney's fees," [DE 93], at ¶ 17. There is, however, a *very real* difference between an imposition of sanctions and a determination of the appropriateness of fees. I imposed no sanction for Mr. Van Horn's outburst at the October 6th hearing, nor for the David Marshall Brown firm's generally expressive behavior at counsel table during that hearing, nor for the October 15th memorandum, nor for the less than stellar pleading which led the firm to submit the supplemental October 15th memorandum. The January 4, 2010 Order reduced the attorney's fee award to an hourly rate of $166.04 because that was the rate I found appropriate for both the quality of written submissions and the courtroom conduct of counsel.

It is, however, not surprising that Plaintiff's counsel chooses to view the fee award as a sanction. The Guidelines for Courtroom Decorum (CG-3) which govern the conduct of counsel via Local Rule 2090-2(E) provide that:

> Counsel shall admonish and discourage all persons at counsel table from making gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time.

Guidelines for Courtroom Decorum (CG-3), at ¶ (B)-14, *available at* http://www.flsb.uscourts.gov/web_folder/courts_guidelines/Guidelines_for_Courtroom_Decorum_(CG-3).pdf . This guideline impliedly requires counsel themselves to refrain from the very same conduct they are required to admonish and discourage. To say that the behavior of the various attorneys of the David Marshall Brown firm was expressive would be an understatement.

-4-

For example, at the conclusion of the October 6th hearing, the entire David Marshall Brown firm engaged in what can only be described as victory cheers. I will therefore deny Jerk Machine's reconsideration motion [DE 93], and the fee award will remain calculated at $166.04 per hour.[1]

### Bank of America's Reconsideration Motion

Bank of America's motion [DE 90] points to the language of *Stockman v. Downs*, 573 So. 2d 835 (Fla. 1991), and other Florida case law to (at first blush) persuasively argue that I critically erred on the bottom of page two of the January 4th Order. If Bank of America were correct, the remainder of the January 4th Order would have been inapplicable to this matter.

In *Stockman*, the Florida Supreme Court held that "a claim for attorney's fees, whether based on statute or contract, must be pled . . . [f]ailure to do so constitutes a waiver of the claim." *Stockman*, 573 So. 2d at 837. The exception to this rule (acquiescence) is illustrated in *Stockman* by two cases, both of which involve notice of the attorney's fee claim before judgment. *Id.* at 838 (citing *Brown v. Gardens by the Sea S. Condo. Ass'n*, 424 So. 2d 181 (Fla. 4th DCA 1983) (defendant's failure to raise entitlement to attorney's fees until after judgment not fatal to claim where issue of attorney's fees was raised at pretrial conference and plaintiff's pretrial statement listed defendant's entitlement to fees as an issue); *Mainlands of Tamarac by Gulf Unit No. Four Ass'n, Inc. v. Morris*, 388 So. 2d 226 (Fla. 2d DCA 1980) (parties' stipulation during trial that the question of attorney's fees would be heard subsequent to final hearing would permit recovery of attorney's fees despite failure to plead entitlement to fees)). Jerk Machine argues in its response that, because entitlement to attorney's fees was raised within the judgment, Bank of America was on notice

---

[1] I hold no animus toward Mr. Van Horn or the firm. Mr. Van Horn has been a member of the bar for less than a year. He is an effective and competent young advocate whose enthusiasm got the better of him on the occasion in question.

regarding attorney's fees. [DE 96], at ¶ 4.  While this argument would in some contexts be laughable, I find that the facts of this case *do* fall within the *Stockman* exception.

The record establishes that, despite good service of process, Bank of America completely ignored Jerk Machine until default judgment was entered.  Only then did Bank of America begin to pay attention to the case, and the only  real communication between the parties started during the Motion to Vacate Default Judgment phase.  Counsel for Bank of America received the judgment which incorporated the attorney's fee language in paragraph two, started talking to Jerk Machine's counsel, discussed the attorney's fee issue, fought to vacate the default judgment, lost, filed a formal objection to the attorney's fee application, and in all of that made no mention of Jerk Machine's failure to plead its entitlement to attorney's fees. *See* [DE 75].  This is called acquiescence.

When the Florida Supreme Court took its position in *Stockman* that attorney's fees must be pled, it simultaneously recognized that the fundamental concern here is notice, and so carved an equitable exception to the hard-line rule. *Stockman*, 573 So. 2d at 837-38.  It would be inequitable to allow Bank of America to escape the attorney's fee award (1) on grounds that it did not raise in its objection and (2) only after I pointed in my January 4th Order to what Bank of America should have done when it objected.  To hold Bank of America to its slip-up in the objection is no less equitable than holding Jerk Machine to its slip-up in the amended complaint.  The underlying contract was drafted by Bank of America; it entitles the prevailing party to attorney's fees; and Jerk Machine prevailed.  As subsequently stated in one of the cases which supercede - but do not overrule - *Stockman*, "the overriding intent of the filing and pleading requirements appear[s] to be provision of timely, adequate notice to the opposing party." *Barco v. School Board of Pinellas County*, 975 So. 2d 1116, 1119 (Fla. 2008).  Bank of America had notice of the attorney's fee issue from the

-6-

outset of its involvement in this case.  That Bank of America chose to ignore Jerk Machine until after default judgment was entered seems, in hindsight, an unfortunate choice.  But Bank of America had ample opportunity to object to Jerk Machine's fee application; it did object; and had it raised the failure to plead in its objection there would be no acquiescence.  Bank of America certainly knew about the attorney's fee provision contained in the contract which it drafted and (while Bank of America has expressed its wish for that provision to be one-sided) Florida law makes that provision reciprocal. *See* Fla. Stat. § 57.105(7); *Cadle Co. v. Martinez (In re Martinez)*, 416 F.3d 1286, 1290 (11th Cir. 2005).  The equitable exception to the hard-line rule is implicated, and it is

    **ORDERED** that:

    1)    Defendant Bank of America's reconsideration motion **[DE 90]** is **DENIED**;

    2)    Plaintiff Jerk Machine's reconsideration motion **[DE 93]** is **DENIED**;

    3)    Defendant Bank of America shall pay attorney's fees and costs of $30,926.83 to Plaintiff Jerk Machine within twenty (20) days of the entry of this Order.

# # #

Copies to:

Chad T. Van Horn, Esq.                  Miguel M. Cordano, Esq.
Northmark Building, Suite 208         J. Randolph Liebler, Esq.
33 Northeast 2nd Street               Courthouse Tower - 25th Floor
Fort Lauderdale, FL 33301            44 West Flagler Street
                                   Miami, FL 33130

Attorney Van Horn is directed to serve copies of this Order upon all interested parties not listed above and file a certificate of service with the Clerk of Court.